O'Connell *v.* Hillyard.

### New York Common Pleas.

*General Term—May,* 1883.

MARY O'CONNELL, Plaintiff and Respondent, *against* GEORGE D. HILLYARD, Defendant and Apellant.

The defendant, who is a builder, was employed by Mrs. Salter, the tenant, to make certain repairs to the house she occupied. The defendant sent some of his men to make such repairs as Mrs. S. directed. While making the repairs, the men sent by the defendant opened a grating in front of the basement door, and the plaintiff, a servant employed by Mrs. S., fell through into the cellar below and was severely injured. The question of negligence was submitted to the jury, as was also the question whether the men were acting under the immediate direction of the defendant or of Mrs. S. The jury having found for the plaintiff,—*Held,* that the verdict must be sustained. That the men who opened the grating were employees' of the defendant, and he is liable for their negligence

Appeal from an order of the general term of the marine court affirming a judgement entered on the verdict of a jury upon a trial had before Mr. Justice McAdam.

The facts are : Shortly prior to the happening of the accident, Mrs. Salter had an interview with the defendant, who is a builder, in which she said that she wanted certain repairs done to her house, No. 36 West nineteenth street,

O'Connell *v.* Hillyard.

in the city of New York. The defendant sent his employees to do the repairs, giving them directions what to do and telling them to do such other repairs as Mrs. Salter might order. During the progress of the work, and in order to avoid carrying dirt through the house, the men opened a grating in front of the basement door and the passageway from the basement door to the street. The plaintiff, a servant employed in the house by Mrs. Salter, saw the grating open on Saturday. On Sunday she saw that the grating was closed, and on Monday morning, when she let the men in, she saw it closed.

She afterwards went to the gate to let the men take away the ashes, and came back to the kitchen; she heard the bell ring, and, supposing it was the baker, went to the basement door, and, in passing to the street, fell into the hole left exposed by the uplifted grating, and was injured.

It was claimed by the defendant during the trial that the grating was opened by the direction of Mrs. Salter, and that such direction was conveyed to the men by the plaintiff. This was denied by the plaintiff. The defendant's counsel moved to dismiss the complaint upon the ground that the men who opened the grating were not, under the circumstances, employees of the defendant, and that the plaintiff was guilty of contributory negligence in not looking to see whether the grating was open before going out. The motion was denied, and the case submitted to the jury under instructions that the plaintiff could recover only in case she was free from negligence, and that the injuries were caused by the exclusive carelessness of the defendant or his employees, acting under his direction and control.

The jury rendered a verdict in favor of the plaintiff for $500. The general term affirmed the judgment, and from the order of affirmance this appeal was taken.

*E. Bartlett*, for appellant.

*A. Lamont*, for respondent.

O'Connell *v.* Hillyard.

VAN BRUNT, J.—There seems no ground whatever furnished by the evidence upon which to found the claim that the men doing these repairs were the employees of Mrs. Salter. They were not employed by her, they were not subject to discharge by her, they were not paid by her. As far as the particular work is concerned which was to be done, they may have been so far under her direction, but even such work was deemed by the defendant to be under his supervision, because he testifies that he was there every day to see that the men were doing their work faithfully. Mrs. Salter would have had no power to discharge these men, and the relation of master and servant did not in any respect exist between them. The question as to who should be employed in making the repairs, was determined by the defendant and not by Mrs. Salter; and it does not appear from the evidence in the case that she in any way interfered with or directed the manner in which these men were to do their work. Therefore, they being the employees of the defendant, if they were guilty of negligence, then the defendant is responsible for such negligence.

It is true that the defendant attempted to prove that there was some custom prevailing in this city between master mechanics and occupants of houses which are to be repaired, in regard to the direction of men while at work, and the manner of the payment of their wages, but the existence of even such a custom could not change the legal relations existing between the employer and the employed, even if such evidence was admissible. The question as to the contributory negligence of the plaintiff seems also to be disposed of entirely satisfactorily by the verdict of the jury. That question was left for the jury, and upon the facts of the case they found that the plaintiff was not guilty of negligence; and as a matter of law this court upon the facts cannot say that such finding of the jury was erroneous.

It is true that the plaintiff saw the grating open on

Saturday. It is equally true that she saw it shut on Sunday and on Monday morning when she went to let the men in to go to work, and as it appears from the evidence, it was but a very few minutes after that, that the accident happened. Having noticed but a few minutes before going to the grating for the purpose of getting the bread from the baker, that the grating was down, it cannot be held as a matter of law that she was guilty of negligence when she went again, so shortly afterwards, in not stopping to look to see whether the grating was up or down. It might have well been that if she had not noticed the grating on that morning and had not looked to see whether it was up or down, that she might have been held guilty of contributory negligence in not looking to ascertain that fact, but having looked but a few minutes before, it cannot be held that it was her duty, after having seen that the grating was closed, and having no reason to suppose that it had been raised, that she was bound to look again to ascertain whether it had been so raised.

We are of the opinion, therefore, that no errors were committted upon the trial, and that the judgment should be affirmed, with costs.